UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SIMON V. LETE,<br><br>                Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut company,<br><br>                Defendant. | Case No. 1:18-cv-00438-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff Simon Lete brought this action against Defendant Travelers Casualty Insurance Company for breach of an insurance policy. Travelers now moves for partial summary judgment on two issues. Dkt. 10. First, Travelers argues that it did not breach the implied covenant of good faith and fair dealing. Second, Travelers argues that the insurance policy did not cover losses arising solely from property damage. For reasons discussed below, the Court will grant Defendant's Motion for Partial Summary Judgment on both claims.

## BACKGROUND

In October 2015, Simon Lete was driving his dump truck when it was struck by an uninsured motorist. Lete suffered injuries to his right shoulder and his dump truck was damaged.

**MEMORANDUM DECISION AND ORDER - 1**

On June 20, 2018, Lete filed a claim under his Underinsured Motorist (UIM) insurance policy for the injuries and damages he suffered. *Letter from Kyle Duren to Juli Morrow re: Demand & Proof of UIM Claim* at 1, Dkt. 10-2 at 54. Lete claimed economic damages for past medical expenses, future medical expenses, out-of-pocket expenses, and wage loss, as well as non-economic damages, for a total of $385,336.27. *Id.* at 9. His claim demanded a response from Travelers Casualty Insurance Company within sixty days. *Id.* at 10.

Travelers agent Juli Morrow evaluated Lete's claim. She came to an award determination based on special damages for past medical expenses, lost income due to medical treatment, and mileage, as well as general damages for pain and suffering. *Uninsured Motorist Worksheet* at 2-5, Dkt. 10-2 at 35-38. Morrow did not include income loss arising from Lete's dump truck repair because the UIM endorsement "is for bodily injury only." *Morrow Depo. Transcript* at 38:1-25, Dkt. 15-1 at 15. On September 13, Morrow called Lete's phone and left a voicemail offering to settle the claim for $20,938.47. *Id.* at 23:4-22. At the time she left the voicemail, Lete had already initiated this lawsuit against Travelers. Travelers had not yet received notice or service regarding the suit. *Id.* at 20:8-21:25.

On October 25, Lete's counsel demanded that the $20,938.47 settlement offer be paid as the "undisputed" portion of Lete's claim. *Email from Sam Johnson to Ronald Clark, Oct. 25, 2018*, Dkt. 15-1 at 33. Travelers agreed to pay the amount with "no strings attached" but maintained the position that the payment represented a "fair and

appropriate resolution on [Lete's] UIM claim." *Email from Ronald Clark to Sam Johnson, Nov. 20, 2018*, Dkt. 15-1 at 34.

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). There must be a genuine dispute as to any *material* fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a

**MEMORANDUM DECISION AND ORDER - 3**

genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Deveraux*, 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir. 2001) (quotation omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

## ANALYSIS

**1.  Implied Covenant of Good Faith and Fair Dealing**

Lete argues that Travelers acted in bad faith in the handling of his UIM claim. To support this position, Lete argues that Travelers did not respond until eighty-five days after the claim was submitted and did not tender the $20,938.47 payment until five months after claim submission. *Response*, Dkt. 15 at 7. Lete maintains that the

$20,938.47 offer represents the "undisputed portion" of his claim and, therefore, that Travelers acted in bad faith by delaying payment. *Id.* at 7-8.

In Idaho, an insured party may bring a bad faith tort action to recover from an insurer who "intentionally and unreasonably denies or delays payment" on a claim. *White v. Unigard Mut. Ins. Co.*, 730 P.2d 1014, 1018 (Idaho 1986) (quoting *Rawlings v. Apodaca*, 726 P.2d 565, 572 (Ariz. 1986)). The tort claim allows plaintiffs to recover for harm that is not fully compensable at contract. *Id.* An insurer does not act in bad faith by challenging the validity of a "fairly debatable" claim, or when delay results from honest mistakes. *Id.*

The four elements of a bad faith insurance claim are: (1) the insurer intentionally and unreasonably denied or withheld payment; (2) the claim was not fairly debatable; (3) the denial or failure to pay was not the result of a good faith mistake; and (4) the resulting harm is not fully compensable by contract damages. *Robinson v. State Farm Mut. Auto. Ins. Co.*, 45 P.3d 829, 832 (Idaho 2001). The insured party has the burden of showing that the claim was not fairly debatable. *Id.*

The Plaintiff points to *Weinstein v. Prudential Property & Casualty Insurance Co.*, 233 P.3d 1221 (Idaho 2010) in support of their argument that the claim was not fairly debatable and that Travelers unreasonably delayed payment. However, the facts in *Weinstein* are significantly different from those presented here. Leslie Weinstein brought a claim for bad faith against Liberty Mutual based on failure to pay uninsured motorist benefits. Liberty Mutual's practice and policy was to not make any payments under uninsured motorist coverage until the insured desired to settle the entire claim. *Id.* at

**MEMORANDUM DECISION AND ORDER - 5**

1230. Weinstein called the insurance adjuster to say that collection agencies were contacting her and that her credit had been ruined due to unpaid medical bills. *Id.* The adjuster answered that Liberty Mutual would not pay until the Weinsteins were ready to settle the entire claim. *Id.* Two years after the accident, having not received any payments under their uninsured motorist coverage, the Weinsteins filed suit. *Id.* at 1231. A jury found that Liberty Mutual had committed bad faith in handling the uninsured motorist coverage. *Id.* On appeal, the Idaho Supreme Court held, "The fact that there is uncertainty as to whether Sarah [Weinstein] will need future surgery does not make her past medical expenses fairly debatable. The fact that a portion of the claim is fairly debatable does not justify failing to pay the undisputed portions." *Id.* at 1245. Further, Mrs. Weinstein had suffered extracontractual damages due to her emotional distress. *Id.* at 1246-48.

Unlike Liberty Mutual in *Weinstein*, Travelers cannot be said to have "intentionally and unreasonably" denied or delayed payment to Lete. Ms. Morrow evaluated Lete's claims and requested additional information about Lete's medical insurance payments so that she could properly assess damages. *Decl. of Ronald J. Clark*, Dkt. 10-2 at 89-90. A settlement offer of $20,938.47 was made to Lete before Travelers was aware that a lawsuit had been initiated. In *Weinstein*, Liberty Mutual refused to make payments to the Weinsteins until a final claim was submitted, resulting in defaults on medical bills and a ruined credit score. Lete, on the other hand, was offered a settlement on his claim within ninety days. Lete has not presented facts which support his claim that Travelers "unreasonably and intentionally" delayed the settlement offer.

Lete argues that, since Travelers failed to respond to his claim within sixty days,

**MEMORANDUM DECISION AND ORDER - 6**

the settlement offer was unreasonably and intentionally delayed. Lete cites Idaho Code § 41-1839 in support of this argument, which states that an insurer of a UIM policy who fails to pay an amount "justly due" within sixty days of a claim must also pay the insured's attorney's fees in a legal action to recover the insurance payment. Idaho Code § 41-1839(1). According to the Idaho Supreme Court, the purpose of the statute is to provide an incentive for insurers to settle just claims in order to reduce the amount of litigation and the high costs associated with litigation. *Martin v. State Farm Mut. Auto. Ins. Co.*, 61 P.3d 601, 604 (Idaho 2002). Lete has cited no case law to suggest that an insurer who exceeds sixty days in responding to a UIM claim has unreasonably and intentionally delayed payment – as is required in a claim for bad faith. Lete is free to pursue attorney's fees under his breach of contract claim, if he can show that the $20,938.47 was "justly due." However, that is a separate question to be answered at a later time. The language of Idaho Code § 41-1839 does not establish a standard for judging a claim of bad faith.

The parties' briefs focus primarily on whether the $20,938.47 offer was "fairly debatable." Travelers calculated the figure based on general damages including pain and suffering, as well as special damages including past medical expenses, lost income, and mileage. *Uninsured Motorist Worksheet* at 2-5, Dkt. 10-2 at 35-38. Some components of these calculations, especially the special damages relating to past medical expenses, cannot be considered "fairly debatable." However, the calculation of general damages, the decision to assess wage losses at three months, and other aspects of the offer were "fairly debatable" and are in fact the subject of dispute between the parties. Accordingly,

**MEMORANDUM DECISION AND ORDER - 7**

Travelers is entitled to summary judgment on Lete's claim that Travelers acted in bad faith and violated the implied covenant of good faith and fair dealing.

**2.     Coverage of Losses Arising Solely from Property Damage**

Lete next argues that the UIM insurance must cover loss of income damages resulting from his need to repair the dump truck. Travelers did not consider Lete's claim for income lost while the dump truck was being repaired because the UIM endorsement "is for bodily injury only." *Morrow Depo. Transcript* at 38:1-25, Dkt. 15-1 at 15. Lete continued to work while the dump truck was being repaired as he owned a second truck. *Lete Depo. Transcript* at 3:15-18, Dkt. 10-2 at 66.

The UIM policy states in relevant part:

> **A.     Coverage**
> 1.     We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle." <u>The damages must result from "bodily injury" sustained by the "insured" caused by an "accident".</u> The owner's or driver's liability for these damages must result from the ownership, maintenance, or use of the "uninsured motor vehicle".

*Underinsured Motorist Policy* at 19, Dkt. 10-2 at 86 (emphasis in original).

An insurance policy is ambiguous if it is reasonably subject to conflicting interpretations. *City of Boise v. Planet Ins. Co.*, 878 P.2d 750, 754 (Idaho 1994). When deciding whether a particular provision is ambiguous, courts must consider the context in which it occurs in the policy. *Purdy v. Farmers Ins. Co. of Idaho*, 65 P.3d 184, 187 (Idaho 2003). A provision is not ambiguous merely because a reader may have to stop and think about what it means. *Id.* at 187.

**MEMORANDUM DECISION AND ORDER - 8**

In *Purdy v. Farmers Insurance Co. of Idaho*, the Idaho Supreme Court upheld a UIM coverage provision that only provided bodily injury coverage. 65 P.3d 184, 187 (Idaho 2003). The provision in question stated it would "pay all sums which an **insured person** is legally entitled to recover as damages from the owner or operator of an **underinsured motor vehicle** because of **bodily injury** . . ." *Id.* The language used in Traveler's UIM policy is no less clear in limiting coverage to claims arising from a bodily injury.

The provision in Travelers' UIM policy is not ambiguous and does not cover losses arising solely from property damages. The policy states that damages must result from "bodily injury" sustained by the "insured." Wage loss resulting from repairs to a dump truck are not covered under such language.

## ORDER

**IT IS HEREBY ORDERED that** Defendant's Motion for Partial Summary Judgment (Dkt. 10) is **GRANTED**.

DATED: July 30, 2019

_____
B. Lynn Winmill
United States District Judge